UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE, *individually, and on behalf of all others similarly situated*,

                          Plaintiff,

-against-

TRACKI, INC.; TRACKIMO, INC.; and TRACKIMO LLC;

                          Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/17/2025
```

25 Civ. 6577 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Before the Court is Plaintiff Jane Doe's motion to proceed under pseudonym in this individual and putative class action. Mot., ECF No. 7; Mem., ECF No. 8. Defendants oppose Plaintiff's motion, arguing that requiring Plaintiff to proceed without a pseudonym would create "no risk of harm" and risk no disclosure of "information . . . that is highly sensitive or of a personal nature." Opp. at 4, ECF No. 19. For the reasons discussed below, the Court GRANTS Plaintiff's motion to proceed pseudonymously in this case. The Court also orders the parties to file a proposed stipulated protective order that will provide for Plaintiff to disclose her identity to Defendants for purposes of this litigation.

**LEGAL STANDARD**

    Under Federal Rule of Civil Procedure 10(a), "[t]he title of [a] complaint must name all the parties." This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008). But courts have "carved out a limited number of exceptions to the general requirement of disclosure of the names of parties," where "the plaintiff's need for anonymity" may overcome "countervailing interests in full disclosure." *Id.* at 189 (cleaned up). "[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the

plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id*. To do so, the Second Circuit has explained that courts may consider the following "non-exhaustive" list of factors:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature . . . ;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties . . . ;
>
> (3) whether identification presents other harms and the likely severity of those harms, . . . including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity . . . ;
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, . . . particularly in light of [her] age . . . ;
>
> (5) whether the suit is challenging the actions of the government or that of private parties . . . ;
>
> (6) whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court . . . ;
>
> (7) whether the plaintiff's identity has thus far been kept confidential . . . ;
>
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity . . . ;
>
> (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities . . .; and
>
> (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (cleaned up).

## DISCUSSION

In this action, Plaintiff alleges that a Tracki GPS tracking device developed, marketed, and sold by Defendants enabled her ex-boyfriend to "engage[] in a sustained campaign of harassment." Compl. at ¶¶ 6, 19, ECF No. 1. Plaintiff alleges that, following a breakup, her ex-boyfriend stalked

her by covertly placing a Tracki device sold by Defendants "to the underside" of her vehicle. *Id.* at ¶ 6. Plaintiff seeks to "[hold Defendants] accountable for [their] continuing failure to adequately protect members of the public from being stalked by [their] Tracki GPS monitoring devices." *Id.* at ¶ 12. She brings claims for negligence, products liability, aiding and abetting, and unjust enrichment under both New York and Tennessee law. *Id.* at ¶¶ 58–59. Plaintiff also seeks to certify two putative classes and two putative sub-classes. *Id.* at ¶ 54.

For purposes of the instant motion, Plaintiff primarily alleges that revealing her identity on the public docket would "pose[] a risk of retaliatory harm for Plaintiff and her daughters," one of whom is a minor. *See* Mem. at 7. Plaintiff argues that her stalker has a "documented history of tracking her movements" to public and private locations, and that, although her stalker was later convicted on charges related to the facts underlying this case, *see* Compl. ¶ 53, public disclosure would nonetheless "alert Plaintiff's stalker to this litigation" and cause retaliatory "renewed stalking or physical harm." Mem. at 8. Defendants' main argument is that publicly revealing Plaintiff's name poses "no risk of harm" because Plaintiff's stalker is already familiar with all of the facts underlying this litigation. Opp. at 8–9.

The Court now turns to the *Sealed Plaintiff* factors.

First, the Court finds that this litigation involves matters of a highly sensitive and personal nature. Courts have routinely found that allegations of sexual assault or harassment involve "highly sensitive" matters of a "personal nature," weighing in favor of anonymity. *Doe v. Gooding*, No. 20 Civ. 6569, 2022 WL 1104750, at *4 n.7, *5 (S.D.N.Y. Apr. 13, 2022); *see Doe No. 2. v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2005). The allegations in this case, although not identical to those in sexual assault cases, are harrowing. Compl. at ¶¶ 39–53. As in *Gooding*, Plaintiff's assertion that she has taken steps to prevent her identity from being connected to this case highlight the personal nature of the facts involved. *See* Mem. at 9; 2022 WL 1104750, at *5. Although Defendants are correct that

3

information concerning the design and marketing of their Tracki products is not highly sensitive or personal in nature, that is irrelevant to the question of whether disclosing Plaintiff's name publicly, thereby irreversibly linking her to the highly specific factual scenario recited in the complaint, would implicate separate facts which are, indeed, personal. Furthermore, the Court credits Plaintiff's assertion that disclosure of her identity in this case could dissuade other stalking victims from bringing cases, given that there is no guarantee that the stalkers, in those cases, will have been criminally prosecuted for their actions. Mem. at 6–7.

The second through fourth factors weigh the harms posed to Plaintiff by disclosure, and the Court finds that those factors favor her. Plaintiff claims that stalking survivors are at "heightened risk of re-victimization," especially where, as here, a victim's stalker has a prior history of tracking and confronting the victim. Mem. at 7; *see Doe v. New York Univ.*, 537 F. Supp. 3d 483, 496–97 (S.D.N.Y. 2021) (holding that the risk of exposure "to potential online retaliation" weighed in the plaintiff's favor). Defendants claim that Plaintiff is not at any risk of harm because her stalker is already aware of the facts underlying this litigation and because "no evidence . . . suggest[s] that the alleged stalker would remotely care about Plaintiff's lawsuit against three products manufacturers." *See* Opp. at 9. But even though Plaintiff's stalker *might* be indifferent to the facts of this action, forcing disclosure of Plaintiff's identity would nonetheless subject her to the risk that her stalker would become informed of this lawsuit and that her stalker would then resume his harassment. Courts have indeed found that "speculative" harms may still weigh in favor of anonymity when those harms are supported by a documented history of harassment, even harassment by a non-party. *See, e.g.*, *Doe v. Darden Restaurants, Inc.*, 736 F. Supp. 3d 297, 301–02 (D. Md. 2024). This concern is yet more important given the stalker's demonstrated history of harassment affecting Plaintiff's daughter, including with respect to the tracking devices at issue. *See* Mem. at 7–8 (documenting history of stalking); Compl. at ¶ 44 ("Plaintiff's stalker also contacted her daughter").

4

Fifth, "[c]ourts are less likely to grant a motion to proceed anonymously when the suit involves solely private parties, as compared to an action involving the government." *Doe v. Townes*, No. 19 Civ. 8034, 2020 WL 2395159, at *5 (S.D.N.Y. May 12, 2020). This action involves private parties, which weighs against anonymity.

The sixth factor concerns the prejudice that proceeding pseudonymously poses to Defendants. *Sealed Plaintiff*, 537 F.3d at 190. Defendants allege that allowing Plaintiff to remain anonymous will "unfairly shield her from any accountability to Defendants," hamper discovery, and "depriv[e] Defendants] of the right to expose their anonymous accuser to public scrutiny." Opp. at 12. The Court finds that this factor weighs mildly in favor of Defendants; however, the Court also notes that Plaintiff has expressed willingness to proceed through a protective order. *See* Mem. at 8. To be sure, Defendants have a right to know the identity of her accuser, and to be able to cross-examine and obtain discovery from her. Accordingly, the Court orders the parties to meet and confer and file a proposed stipulated protective order that would permit Plaintiff to disclose her identity to Defendants. *See Darden Restaurants*, 736 F. Supp. 3d at 302 ("Agreements between counsel and a protective order can substantially resolve Defendant's concerns.").

Seventh, courts consider whether a plaintiff's identity has thus far been kept confidential. *Sealed Plaintiff*, 537 F.3d at 190. This factor favors Plaintiff. She alleges that her identity remains confidential and unconnected to this lawsuit. *See* Mem. at 9. Defendants allege that her identity is not confidential because her identity, and the case's underlying facts, are known to her stalker, *see* Opp. at 10, but that does not answer whether her identity as Plaintiff of this lawsuit has become public or has become known to her stalker. And it does not appear to the Court that it has.

On the other hand, the eighth factor, which analyzes the public's interest in disclosure, weighs against allowing Plaintiff to proceed via pseudonym. "[L]awsuits are public events and the public has a legitimate interest in knowing the facts involved in them." *Doe v. Shakur*, 164 F.R.D. 359, 361

5

(S.D.N.Y. 1996) (citation omitted). And even where considerations of a chilling effect weigh in favor of anonymity, "it does not [necessarily] follow that the public has an interest in maintaining the anonymity" of every such Plaintiff. *Doe 1 v. Branca USA, Inc.*, No. 22 Civ. 3806, 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022) (cleaned up).

The ninth factor favors neither party. Although anonymity is "favored where a suit raises purely legal, rather than factual, issues," *Gooding*, 2022 WL 1104750, at *6, this suit raises both factual and legal issues. For example, Plaintiff's alleged history of stalking may be relevant to the damages she seeks or to her pursuit of class certification. But, at the same time, Plaintiff's claims, which are primarily based in negligence and products liability, largely depend on choices Defendants made in designing, selling, and marketing their product; the law and facts relevant to determination of those questions are largely irrelevant to Plaintiff's actual identity, the sole item she wishes to conceal from the public docket. *See* Compl. at ¶¶ 54–99 (seeking class action certification and listing causes of action).

The tenth factor is whether there are alternative mechanisms to protect Plaintiff's confidentiality short of anonymity. The Court concludes that for the particular request here—keeping Plaintiff's identity off the docket—there are not. "[D]isclosure is a one-way street: once Plaintiff's identity is revealed, it will be impossible to conceal again." *Gooding*, 2022 WL 1104750, at *7.

However, the Court is mindful that the prejudice to the parties and the public from permitting Plaintiff to proceed pseudonymously may change depending on the "particular stage of the litigation." *Sealed Plaintiff*, 537 F.3d at 190. For that reason, courts have employed an "incremental approach" with the option to revisit the matter prior to trial. *Gooding*, 2022 WL 1104750, at *7 (collecting cases). If later developments in the litigation suggest that the Court should revisit its decision, Defendants may file a pre-motion letter under Rule III of the undersigned's Individual Practices in Civil Cases seeking leave to file a motion to reveal Plaintiff's identity.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed pseudonymously is GRANTED. By **December 8, 2025,** the parties shall jointly file a proposed stipulated protective order to govern discovery in this case.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 7.

SO ORDERED.

Dated: November 18, 2025
       New York, New York

_____
ANALISA TORRES
United States District Judge