UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/2026

| | |
|---|---|
| JANE DOE, *individually, and on behalf of all others similarly situated*, <br><br> Plaintiff, <br> v. <br><br> TRACKI, INC.; TRACKIMO, INC.; and TRACKIMO LLC; <br><br> Defendants. | Civil Action No. 1:25-CV-06577-AT |

## STIPULATED PROTECTIVE ORDER

Plaintiff JANE DOE ("Plaintiff") and Defendants TRACKI, INC., TRACKIMO, INC. and TRACKIMO, LLC (collectively, "Defendants") agree as follows:

1. **PURPOSES AND LIMITATIONS**

Discovery in this Action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition this Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Furthermore, discovery requests and subpoenas served in this Action may call for the production or disclosure of trade secret or other confidential research, development, personal identifying information ("PII"), or commercial information within the meaning of Fed. R. Civ. P.

1

26(c), or other private or competitively sensitive information for which protection from public disclosure and from use for any purpose other than prosecuting this Action is warranted.

Accordingly, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiff and Defendants, each of whom is individually referred to herein as a "Party," and collectively, as the "Parties," by and through their undersigned counsel, that good cause exists to petition the Court to enter the following Stipulated Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d):

2. **DEFINITIONS**

2.1 Action: the above-captioned action, and any and all cases consolidated or coordinated with it.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information, Items or Material: any Producing Party (as defined below) may, subject to the provisions of this Order, designate as "Confidential" any Discovery Material that the Producing Party reasonably, and in good faith believes constitutes and reveals confidential trade secrets, proprietary business information, or non-public personal, client, or customer information concerning individuals or other entities.

2.3.1 Reservation of Rights: As was raised at the December 12, 2025 conference before Judge Ricardo, the Parties expressly acknowledge that there is a dispute as to whether the identity of the alleged stalker and new boyfriend referenced in the Complaint can be designated as "CONFIDENTIAL" under this Protective Order. Without deciding this dispute, Judge Ricardo directed the Parties to file this proposed Order and acknowledged that motion practice

would likely follow. After this proposed Order is entered, the Parties will meet and confer and will engage in motion practice regarding this designation should there be a continued dispute.

2.4     Counsel (without qualifier): Outside Counsel of Record and In House Counsel (as well as their support staff).

2.5     Designating Party:  any Party or Non-Party that designates Discovery Material as "Confidential."

2.6     Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or Non-Party during discovery in this Action, including to the extent any Party or Non-Party is required to produce or agrees to produce any documents or ESI previously produced in other cases or government investigations.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to this Action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means including Confidential Information of a highly sensitive nature (i.e., documents or information regarding, discussing, relating to, or reflecting pricing and business

3

strategy documents, financial statements, sales data, profit margin data, customer location data, intellectual property, product specifications and design features, and technical information related to a Party's information security and management, or other categories of information which the Parties agree in writing should be designated as Highly Confidential – Attorneys' Eyes Only), the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm. "Highly Confidential – Attorneys' Eyes Only" information shall also include computer code and associated comments and revision histories, formulas, engineering, specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

    2.8.1   <u>Reservation of Rights</u>: As was raised at the December 12, 2025 conference before Judge Ricardo, the Parties expressly acknowledge that there is a dispute as to whether the identity of the alleged stalker and new boyfriend referenced in the Complaint can be designated as ""<u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>" under this Protective Order. Without deciding this dispute, Judge Ricardo directed the Parties to file this proposed Order and acknowledged that motion practice would likely follow. After this proposed Order is entered, the Parties will meet and confer and will engage in motion practice regarding this designation should there be a continued dispute.

2.9   <u>In House Counsel</u>: attorneys and other personnel employed by a Party or Non-Party to perform legal functions who are reasonably necessary to assist that Party or Non-Party in this Action. In House Counsel does not include Outside Counsel of Record or any other outside counsel, or in house counsel who have entered an appearance in this action.

2.10    Non-Party: any natural person or entity that is not a named Party to this Action.

2.11    Outside Counsel of Record: attorneys, along with their paralegals and other support personnel assisting them with this Action (including temporary or contract staff), who are not employees of a Party or Non-Party, but who have been retained to represent or advise a Party in connection with this Action. Notwithstanding the foregoing, any attorney who enters an appearance is considered outside counsel of record.

2.12    Party: any Party to this Action, including all of its officers, directors, and employees.

2.13    Personal Data: Discovery Material protected from disclosure by federal, state, or foreign data-protection laws, or other privacy obligations, including, without limitation, European Union Directive 95/46/EC (the "Directive"), and the national laws implementing the Directive.

2.14    Privileged Material: Discovery Material protected from disclosure under the attorney-client privilege, work product doctrine, United States or foreign bank disclosure laws or regulations, including but not limited to, the bank examiner privilege, Swiss data privacy protections, and/or any other applicable United States or foreign statute, law, regulation, privilege, or immunity from disclosure.

2.15    Producing Party: any Party or Non-Party that produces Discovery Material in this Action.

2.16    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium, including e-discovery vendors) and their employees and subcontractors.

2.17    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (collectively, "Protected Material") provided, however, that "Protected Material" does not include information that is publicly available (except information that became publicly available as a result of a breach of this Order or any other confidentiality agreement or undertaking). All Protected Material exchanged or received pursuant to this Order shall be used by the Receiving Parties solely for purposes of the Action, shall not be used by the Receiving Parties for any other purpose, and shall not be disclosed by the Receiving Parties to anyone other than those persons and categories of persons identified outside those identified in this Order.

2.18    <u>Receiving Party</u>: any Party or Non-Party that receives Discovery Material from a Producing Party in this Action.

3.  **SCOPE**

The protections conferred by this Order cover not only Discovery Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, whether or not produced or supplied pursuant to a formal discovery request or subpoena, a request made during the taking of a deposition, or any other formal or informal means, as well as testimony, conversations, or presentations by Parties or Counsel in settings that might reveal Protected Material.  However, except as set forth in Section 13.2, this Order shall not be construed to cause any Counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel, created in anticipation of or in connection with this Action.

4.  **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or this Court orders otherwise. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection: Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific documents that qualify under the appropriate standards.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)    For information in non-native documentary form, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL legend") on the document, and include the applicable designation in the metadata produced for such document.

(b)    For deposition transcripts and/or exhibits in this Action, that the Designating Party designate any portion of the testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  in writing on or before the later of (i) thirty (30) calendar days after receipt of the final transcript, or (ii) the date by which any review by the witness and statement of changes to the transcript are to be completed under Fed. R. Civ. P. 30(e). Only those portions of the testimony that are designated for protection in accordance with the preceding sentence shall be covered by the provisions of this Order.  The entire testimony shall be deemed to have been designated Confidential until the time within which the transcript may be designated has elapsed. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential except as ordered by the Court or as provided in Section 5.3 (Inadvertent Failures to Designate).  If all or a part of a videotaped deposition is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or the DVD, USB, or other media file, as well as any container, shall be so labeled. The Party who takes a deposition shall be responsible for providing the deposition transcript to all other parties within 30 days of the deposition. However, nothing prohibits any Party from obtaining copies directly from the court reporter.

(c)    for information produced in electronic, audio, or video format and for any other tangible items, that the Producing Party affix the CONFIDENTIAL legend in a prominent place on the exterior of the container or containers in which the information or item is stored and/or on the document.  Whenever a Receiving Party to whom electronically stored discovery material so designated is produced reduces such information to hard copy form, to the extent such pages have not previously been marked by the producing party, such Receiving Party shall mark the hard copy by affixing the designation "Confidential" to each page of such document.

(d)    for documents produced in native format, that the Producing Party include the confidentiality designation "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the metadata produced for such documents, in the file name of the produced native, and on the placeholder page.

(e)    for interrogatory answers and responses to requests to admit, and the information contained therein, that the Producing Party affix the CONFIDENTIAL legend in a prominent place on each page of such document prior to production.

(f)    for reports created by an expert or consultant relying on or incorporating Protected Material in whole or in part, that the Party responsible for its creation include the CONFIDENTIAL legend on each page of the report.

5.3    Inadvertent Failures to Designate: If a Producing Party discovers that it produced material that was not designated as Protected Material the Producing Party may promptly notify all Receiving Parties, in writing, of the error and identify (by production number) the affected material and its new designation.  Thereafter, the material so designated will be treated as Protected Material in conformity with the new designation or re-designation.  Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.  Each Receiving Party shall make reasonable efforts to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material.  If corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not waive the Producing Party's right to secure protection under this Order for such material.  If material is re-designated "Confidential" after the material was initially produced, each Receiving Party, upon notification

of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

7. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1     Meet and Confer: If a Party elects to challenge a Designating Party's confidentiality designation, it must do so in good faith and must begin the process by notifying the Designating Party in writing of its challenge and identifying the challenged material by production number, and by providing a basis for the challenge.  The objecting Party and the Designating Party shall, within ten (10) business days after service of the written objections, meet and confer concerning the objection, unless otherwise agreed.

7.2     Judicial Intervention: If the Parties are not able to resolve a dispute about a confidentiality designation during the meet and confer process set forth in Section 7.1, above, the party seeking the designation may seek relief from the Court in accordance with its rules and procedures.  Until the Court rules on the dispute, all Parties shall continue to treat the material in question as confidential, except that either party may submit the material in question to the Court for in camera review.  In the event that the final ruling is that the challenged material's designation

should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling within fifteen (15) business days of the ruling.

8. **ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1    Subject to any other written agreement among or between Producing Parties and/or Receiving Parties, a Receiving Party may access or use Discovery Material that is disclosed or produced by a Producing Party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to this Action.  Except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, contractual demands, any purpose related to any other investigation or proceeding outside of the Action, or evaluation of other potential claims unrelated to the causes of actions and transactions at issue in the Action.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Following the termination of this Action, each Receiving Party must comply with the provisions of Section 11, below.  The Parties shall be entitled to seek monetary relief, including sanctions, and/or equitable relief, including specific performance, in the event of the intentional unauthorized use or disclosure of Discovery or Protected Material.

8.2    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is reasonably limited to the persons authorized under this Order.  For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

8.3    Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" Information or Material:  Unless otherwise ordered by the Court or
permitted in writing by the Designating Party, material designated:

8.3.1    "Confidential" may be disclosed by a Receiving Party only to the following
persons:

(a)    the Court and its personnel, including employees, judges, secretaries, special
masters appointed in this Action, stenographic reporters, staff, transcribers and all other personnel
necessary to assist the Court in its function, and the jury;

(b)    the Parties, including In House Counsel and any director, officer, executives, or
employee involved in the prosecution or defense of this Action for Parties which are not natural
persons;

(c)    Outside Counsel of Record for the Parties, all partners and associate attorneys of
such counsel's law firms who are assisting in the conduct of the Action, as well as any other counsel
and support personnel of such counsel who may be assisting Outside Counsel for the Parties in the
Action, and all clerks, employees, independent contractors, consultants, investigators, paralegals,
assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and
agents thereof when operating under the supervision of such partners or associate attorneys;

(d)    Experts and/or Consultants retained by a Party or its Counsel to serve as an expert
witness or as a consultant in this Action and who have signed the "Agreement To Be Bound By
Protective Order" (Exhibit A), including associated personnel necessary to assist experts or
consultants, provided that Counsel, in good faith, requires their assistance in connection with this
Action; and provided, further, that any part of a report created by such expert or consultant
incorporating Protected Material in whole or in part shall be designated appropriately by the Party

responsible for its creation; and provided, further, that experts or consultants may not use Protected Material for any purpose that does not relate to this Action;

(e)      litigation support services vendors, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic discovery or trial preparation, and their employees and subcontractors, retained by a Party or its counsel;

(f)      persons who created, authored, received, reviewed, or are reasonably believed in good faith to be referenced in or aware of or participated in the events referenced in the Confidential Information;

(g)      a witness who has been subpoenaed or noticed for deposition, trial testimony, or other court proceeding in the above-captioned case not otherwise authorized to view the Protected Material in question, during that witness' testimony at a deposition, hearing, or trial in the above-captioned case, or in preparation for the same, provided that (i) the disclosure is made for the purpose of advancing the disclosing party's claims or defenses, and for no other purposes; (ii) the witness is not permitted to retain the Protected Material after the witnesses is examined regarding the Protected Material; and (iii) the witness is explicitly informed by Outside Counsel for the party seeking to use the Protected Material that this Protective Order forbids him or her to disclose the Protected Material except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order;

(h)      relevant employees of any insurer or auditor to a Party to the extent that such disclosure is reasonably necessary for the defense of that Party in this Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(i)      any mediators or arbitrators, including their necessary staff, engaged by the Parties or appointed in the Action by the Court for settlement purposes;

(j)      any other person agreed to by the Designating Party in writing; and

(k)      any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law.

8.3.2 "Highly Confidential – Attorneys' Eyes Only" may be disclosed by a Receiving Party only to the categories of persons described in sections 8.3.1 (a) and (c)-(k).

8.4      The Party disclosing Protected Material under Section 8.3 shall inform all persons receiving Protected Material of their obligation to abide by the terms of this Order and maintain it in a protected and secure manner, with access restricted at all times. Moreover, the Party disclosing Protected Material must take all reasonable steps to protect against the disclosure of Plaintiff Jane Doe's identity consistent with Section 20.

8.5      Disclosure of Personal Data: Nothing herein shall be construed as waiving any objections any Party may have to the production of Personal Data, including without limitation objections that discovery of such Personal Data may, in some instances, need to proceed in accordance with international protocols.

8.6      Retention of Exhibit A:  Counsel for the Party that obtains the signed "Agreement To Be Bound By Protective Order" (Exhibit A), as required above, shall retain them for six (6) months following the final termination of this Action, including any appeals, and shall make them available to other Parties upon good cause shown.

8.7      Retention of Protected Material:  Unless otherwise agreed to by the Producing Party in writing or ordered by the Court, persons described in Sections 8.3 (f),  (g), and (j), who have

been shown Confidential Material shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Confidential Material was disclosed.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must, as soon as practicable  (a) notify in writing the Designating Party of the unauthorized disclosures, (b) make commercially reasonable efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement To Be Bound by Protective Order" (Exhibit A).

10. **FILING PROTECTED MATERIAL**

In the event that Counsel for any Party determines to file or submit in writing to the Clerk of Court's office or file on ECF any Protected Material or Personal Data, or any Discovery Material that contains information satisfying the five categories of "sensitive information" or six categories of information requiring "caution" pursuant to the Southern District of New York's Notice Regarding Privacy and Public Access to Electronic Civil and Criminal Case Files, or any papers containing or making reference to the substance of such material or information, such documents or portions thereof containing or making reference to such material or information shall be filed in redacted form or under seal in accordance with the Court's Individual Practices in Civil Cases III.F. In making such a filing, a Receiving Party may rely on the Designating Party's designation of any Discovery Material and need not independently verify or take a position on, such Designating Party's designation.

Filing under seal shall be without prejudice to any Party's right to argue to the Court that such document is not Confidential Material and need not be preserved under seal.

## 11. **INTERIM AND FINAL DISPOSITION**

11.1    In the event that:  (i) all Parties to the Action reach a settlement resolving all of the then pending claims among them; or (ii) any court enters an order resolving all of the then pending claims among the Parties, except as provided below, the provisions of this Stipulated Protective Order restricting the use of "Confidential" information shall continue to be binding unless otherwise agreed by all Parties or ordered by the Court.  Upon entry of final judgment either by reason of settlement or Court order, each Receiving Party shall undertake commercially reasonable efforts to prevent anyone acting on its behalf from accessing, reviewing, copying, summarizing, or making any other use of a Producing Party's Discovery Material, including but not limited to directing the Receiving Party's discovery vendor(s) to take data offline or to take other steps to prevent access to the Discovery Material.  Notwithstanding this provision, Discovery Material that constitutes Counsel's work product, and pleadings, motion papers, deposition transcripts, and exhibits thereto, legal memoranda, and correspondence that were served in this Action, or filed with this Court, Counsel may continue to access and make use of such material for purposes of this Action pending the final termination of this Action, provided, however, that these materials remain subject to this Order.  Each Receiving Party shall document its compliance with the terms of this subparagraph and, upon request of Producing Party, notify Producing Parties of such compliance within thirty (30) days of the entry of final judgment either by reason of settlement or Court order.

11.2    Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final

termination of this Action, including any appeals, each Receiving Party shall undertake commercially reasonable efforts to return to the Producing Party all Protected Material or, at the option of the Receiving Party, to destroy all Protected Material.  In either case, upon request of the Producing Party, the Receiving Party shall provide the Designating Party with a certification stating that it has taken commercially reasonable efforts to destroy or return the Confidential documents, except for (i) such information or material that was transmitted electronically and whose removal or destruction from a Party's electronic systems would violate applicable federal or state law, rule or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule or regulation, and that (ii) information saved on backup media in an electronically stored format will be certified to have complied with the sixty (60) day destruction period if the Party has a data destruction policy for the backup media resulting in the eventual destruction or overwriting of the electronically stored information, provided, however, that these materials will continue to be subject to the terms of this Order.

11.3    If a Receiving Party takes the position that it cannot comply with the return or destruction provisions of this section within the sixty (60) day destruction period, and that it must instead retain documents for a longer period of time pursuant to the "[e]xcept as provided by law or other regulatory authority" provision of this section, then it must, in its certification, (i) state the law or other regulatory authority it believes requires it to retain those documents, and (ii) describe the documents it intends to retain pursuant to that law or regulatory authority.  Notwithstanding this provision, as to those materials designated as Confidential that constitute Counsel's work product, and pleadings, motion papers, deposition transcripts, and exhibits thereto, legal memoranda, and correspondence that were served in this Action, or filed with this Court, Counsel may retain such documents, even if such materials contain Confidential Material, if such Counsel

17

otherwise comply with this Order with respect to such retained material. Any such archival copies that have been designated Confidential remain subject to this Order until the Producing Party agrees otherwise in writing or this Court orders otherwise.

11.4    This Order shall survive the termination of this Action, and this Court shall have continuing jurisdiction for enforcement of its provisions following termination of this Action. No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by Counsel for each Designating Party or by an Order of the Court for good cause shown.

## 12. A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other Party's or Non-Party's use of its own documents, including documents obtained independently and lawfully from sources other than a Producing Party, nor shall it affect any Producing Party's, Receiving Party's, or any other Party's or Non-Party's subsequent waiver of its own prior designation with respect to its own Confidential Material.

## 13. CLAW BACK OF DISCOVERY MATERIAL

13.1    In order to claw back nonresponsive, non-privileged Discovery Material that was produced inadvertently, the Producing Party must provide notice in writing to the Receiving Party specifying the production number of the Discovery Material it wishes to claw back and the basis of the claim that it is nonresponsive.

13.2    In order to claw back Privileged Material that was produced for any reason, whether inadvertent or otherwise, the Producing Party must provide notice in writing to the Receiving Party specifying the production number of the Discovery Material it wishes to claw back, and the basis of the claim that it is Privileged Material.

18

13.3    Upon notice that a Producing Party wishes to claw back Discovery Material protected as Privileged Material that was produced for any reason, whether inadvertent or otherwise, the Receiving Party shall promptly undertake commercially reasonable efforts to return to the Producing Party and destroy all summaries or copies of such Privileged Material (notwithstanding the final sentence of Section 3 regarding a Receiving Party's own work product that reflects the Protected Material referred to in this Section), shall provide notice in writing that the Receiving Party has undertaken reasonable efforts to return and destroy such Privileged Material, and shall not use such items for any purpose until further order of the Court.  In all events, such return, destruction, and certification must occur within ten (10) business days of receipt of the request, unless the Receiving Party provides notice of its intent to challenge the assertion of a claim of protection under Fed. R. Civ. P. 26(b)(5) (the "Challenge Notice"), in which event the Receiving Party may retain no more copies (the "Retained Copies") of the disclosed material than are sufficient to prosecute its challenge to the assertion of protection.  Having provided a Challenge Notice, the Receiving Party must raise a challenge with the Court within thirty (30) days of that Challenge Notice, or otherwise return or destroy the Retained Copies within that period. Moreover, in the event a Challenge Notice is provided, the Receiving Party shall make no use of the Discovery Material subject to the request for return other than in connection with the Receiving Party's prosecution of its challenge to the assertion of privilege, until the Challenge is resolved. However, the Receiving Party may request an extension of the deadline for the return or destruction of Retained Copies, and such extension shall not be unreasonably withheld.  For the avoidance of doubt, nothing in this paragraph shall be construed as restricting the right of any Party to challenge a claim of privilege at any time permissible under the Federal Rules of Civil Procedure and other relevant laws, however, the Receiving Party may not assert as a basis for the relief it seeks the fact

19

or circumstance that such privileged documents have already been produced. Alleged Privileged Material shall remain protected against disclosure and use during the pendency of any dispute over its status, other than through submission to the Court for *in camera* review.

13.4    If, during a deposition, a Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains Privileged Material, it may at its sole election (a) allow the document to be used in the deposition without waiver of its claim of privilege or work-product protection or (b) instruct the witness not to answer questions concerning the document pending a prompt resolution of any disagreement concerning the document's privileged or work-product protected status. If the Party allows the examination concerning the document to proceed on a non-waiver basis, the Parties shall sequester all copies of the purportedly privileged or work-product protected document. Immediately following the deposition, the Parties will commence the procedure outlined in the preceding paragraphs to address the claim of privilege or other protection, including the notice requirement set forth in Section 13.2. Until the dispute is resolved, all Parties and any other persons who have access to the transcript of such deposition shall treat the portion(s) of the transcript referencing the document as Confidential Material. If any Party instructs the witness not to answer questions concerning the document, the Parties will then cooperate in promptly submitting the issue of the document's status to the Court. If the document is ultimately determined not to be privileged or subject to other protection, the Party or entity asserting the claim of privilege will be responsible for ensuring that the deposing Party is given an opportunity to depose the witness about the document, which in the case of Party-witnesses (or their current employees) or any former employees of a Party who are represented by Counsel for such Party shall be within thirty (30)

calendar days of said determination, and in the case of other Non-Party witnesses shall be at the earliest practicable time for the witness and its counsel.

14. **USE OF DESIGNATED MATERIAL AT TRIAL**

The undersigned agree to meet and confer concerning the use of any Protected Material at hearings or at the trial of this Action not fewer than five (5) business days prior to any such hearing or trial. Where a hearing or trial is scheduled on less than five (5) business days' notice, the Parties agree to meet and confer as soon as practicable after receiving notice, but in any event, not fewer than 24 hours in advance of the hearing or trial. The use of Protected Material at hearings or at trial shall not cause such Protected Material to lose its status as Protected Material.

15. **ATTORNEY RENDERING ADVICE**

Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client or from relying upon or generally referring to Protected Material in rendering such advice; provided, however, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of Protected Material if such disclosure is not otherwise permitted under this Order.

16. **LEGAL PROCESS**

If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process or request from any court, federal or state regulatory or administrative body or agency, legislative body, self-regulatory organization or other person or entity purporting to have authority to require the production thereof, that seeks disclosure of any Discovery Material designated in this Action as "Confidential" the Receiving Party must notify, to the extent permitted by law and the rules, requirements or requests of any relevant governmental or self-regulatory organization, the Designating Party, in writing (by

electronic mail, if possible), and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as reasonably practicable and in any event no later than ten (10) business days after receipt unless production is required earlier, in which case the notice must be made in time for the Designating Party to take steps as set forth below.

The Receiving Party also must promptly inform the party that caused the discovery request, subpoena, order, or other form of legal process or request to issue that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other matter that caused the discovery request, subpoena, order, or other form of legal process or request to issue. To the extent consistent with the rules, requirements or requests of any relevant governmental or self-regulatory organization, the Receiving Party shall not produce the requested Protected Material unless and until a court of competent jurisdiction so directs, except if the Designating Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier. In connection with any production of Confidential Material subject to this Order, the Receiving Party shall request equivalent confidential treatment for the Confidential Material.

The purpose of imposing these duties is, to the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, or otherwise permitted by law, to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to try to protect its confidentiality interest in the matter or proceeding in connection with which the discovery request, subpoena, or order is issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that matter or

proceeding of its Protected Material. Nothing in these provisions should be construed as authorizing, requiring or encouraging a Receiving Party to disobey, or to risk contempt of, a lawful directive from another court.

In the event that Discovery Material is produced to a Non-Party as a result of a discovery request, subpoena, or an order issued in other litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body or other person or entity, such Discovery Material shall continue to be treated in this Action in accordance with any designation as Protected Material.

17. **NON-PARTIES**

In the event that Discovery Material is produced to a Non-Party as a result of a discovery request, subpoena, or an order issued in other litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body or other person or entity, such Discovery Material shall continue to be treated in this Action in accordance with any designation as Protected Material.

18. **NOTICES**

All notices required by this Order must be provided in writing to Counsel of record for each Party and, if applicable, in writing to a Non-Party. Any of the notice requirements herein may be waived in whole or in part, but only in writing by the Designating Party.

19. **AMENDMENT OF ORDER**

Nothing herein shall preclude any Party from seeking to amend this Order in writing for good cause shown. Nor shall anything herein preclude any Party or Non-Party from seeking additional or different protections on a case-by-case basis under the standards set forth in Fed. R. Civ. P. 26(c).

23

20. **USE AND DISCLOSURE OF PLAINTIFF'S TRUE IDENTITY**

The true identity of Plaintiff Jane Doe shall be used by the Defendants solely for purposes of preparing for and conducting related pre-trial, trial, post-trial, and appellate proceedings in this litigation, as well as in any related actions initiated only after the conclusion of this Action, and for no other purpose, subject to the following terms, only for so long as the Court's Order at ECF 30 is in effect:

(a)    The Parties shall refer to Plaintiff as "Plaintiff" or "Jane Doe" in all filings on the public docket and in all court proceedings open to the public.

(b)    All documents or materials containing information related to Plaintiff's identity, including, but not limited to, her name, address, date of birth, social security number, social media information, place of employment, or other personal identifying information, shall be designated "CONFIDENTIAL";

(c)    Plaintiff's true identity may be disclosed only to the following Qualified Persons:

(1) The Court, including employees, judges, secretaries, special masters and magistrates appointed in this Action, stenographic reporters, staff, transcribers, and all other personnel necessary to assist the Court in its function, and the jury;

(2) the Parties, including in-house counsel and any director, officer, executives, or employee involved in the prosecution or defense of this Action for Parties which are not natural persons;

(3) Outside Counsel, including counsel of record for the Parties, all partners and associate attorneys of such counsel's law firms who are assisting in this Action, as well as any other counsel and support personnel of such

24

counsel who may be assisting Outside Counsel for the Parties in the Action, and all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such partners or associate attorneys;

(4) outside independent persons and/or vendors (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any Party) who are retained by a Party or its attorneys to furnish technical or expert services.

(5) litigation support services vendors, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic discovery or trial preparation, and their employees and subcontractors, retained by a Party or its counsel;

(6) consulting or testifying experts, including associated personnel necessary to assist experts in the Action;

(7) persons from whom deposition testimony is taken or is scheduled to be taken in the Action, provided that counsel who discloses Plaintiff's true identity to the witness determines, in good faith, that such disclosure is reasonably necessary and appropriate to assist in the conduct of this Action, and subject to the terms set forth in this Order regarding disclosing Plaintiff's true identity to her alleged stalker;

(8) third parties from whom documents are sought in the Action, including but not limited to law enforcement, provided that counsel who discloses Plaintiff's true identity to the third party determines, in good faith, that such disclosure is reasonably necessary and appropriate to assist in the conduct of this Action, and subject to the terms set forth in this Order regarding disclosing Plaintiff's true identity to her alleged stalker;

(9) auditors and insurers of the Parties;

(10) any mediators or arbitrators, including their necessary staff, engaged by the Parties or appointed in the Action by the Court for settlement purposes;

(11) any person as may be authorized by written agreement of the Parties, verbal agreement of the Parties on the record at a deposition or Court hearing, or by order of the Court.

(d) Defendants agree to provide written notice to Plaintiff before making any initial contact with Plaintiff's alleged stalker, by any means, including but not limited to issuing a subpoena or on any other basis.

21. **MISCELLANEOUS**

21.1    A party's compliance with the terms of this Order shall not operate as an admission that any particular material is or is not: (i) Confidential or Highly Confidential – Attorneys' Eyes Only; (ii) privileged; and/or (iii) relevant or admissible evidence.

21.2    Right to Assert Other Objections: By stipulating to the entry of this Order, no Producing Party waives any right it otherwise might have to object to disclosing or producing any information or item on any ground, including confidentiality. Similarly, no Producing Party waives

any right to object on any ground to the admissibility or use in evidence of any of the Discovery Material covered by this Order.  Nor shall any Party be prejudiced to contest the alleged authenticity, relevance, privilege, admissibility or discoverability of the Protected Material produced pursuant hereto.

      21.3    <u>Governing Law</u>: Except to the extent that federal law may be applicable, this Order is governed by, interpreted under, and construed and enforced in accordance with the laws of the State of New York, without regard to conflict of law principles.  Any dispute between the parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with the Court's Individual Practices in Civil Cases and other applicable rules.

Dated: January 7, 2026

**SO ORDERED.**

Dated: January 8, 2026
       New York, New York

Henry J. Ricardo
United States Magistrate Judge

Respectfully Submitted,

**WADE KILPELA SLADE, LLP**

By: /s/ *Edwin J. Kilpela, Jr.*

Edwin J. Kilpela, Jr., Esq.
Paige T. Noah, Esq.
6425 Living Pl., Suite 200
Pittsburgh, PA 15206
Phone: (412) 314-0515
ek@waykayslay.com
pnoah@waykayslay.com

*Attorneys for Plaintiff and the Proposed Class*

**BOCHNER PLLC**

By: /s/ *Serge Krimnus*

Serge Krimnus, Esq.
John A. Rossler, Esq.
1040 Avenue of the Americas, 15th Floor
New York, NY 10018
serge@bochner.law

27

john@bochner.law

*Attorneys for Defendants*

**EXHIBIT A**

<u>Agreement</u>

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Jane Doe v. Tracki, Inc. et al.* (Case No. 1:25-CV-06577-AT) have been designated as Confidential or Highly Confidential – Attorneys' Eyes Only. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 20\_\_

_____                    _____
Name (printed)                                                            Signature

Signed in the presence of:

_____
(Attorney)